IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BARBARA CAUSEY GOOSBY, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACT. NO. 2:20-cv-766-ECM |
| | )         (WO) |
| | ) |
| GARY LEE BRIGGS, *et al.*, | ) |
| | ) |
|    Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

**I.****INTRODUCTION**

This cause is before the Court on motions to remand filed by Plaintiff Barbara Causey Goosby ("Goosby") (Docs. 7 & 10) and upon a request by the Defendants to engage in jurisdictional discovery. (Doc. 12 at 4).

The case was originally filed in the Circuit Court of Lowndes County, Alabama, and was removed by Defendant Gary Lee Briggs ("Briggs") to federal district court on the basis of diversity jurisdiction, pursuant to 28 U.S.C. § 1332(a) and 28 U.S.C. § 1441(a). Defendant Southeastern Freight Lines, Inc. has not been served, but consents to the removal. (Doc. 1-3).

For reasons that follow, the Court concludes that the request for jurisdictional discovery is due to be GRANTED to the extent that the Court will allow for limited written discovery on the jurisdictional issue.

## II. STANDARD OF REVIEW

Federal courts are courts of limited jurisdiction and therefore possess only the power authorized by the Constitution or statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Courts should presume that a case lies outside of this limited jurisdiction, and the burden of establishing the contrary should be upon the party asserting jurisdiction. *Id.* Although a defendant has the statutory right to remove in certain situations, the plaintiff is still the master of his claim. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). For that reason, the defendant's right to remove and the plaintiff's right to choose his forum are "not on equal footing." *Id.* Accordingly, the defendant's removal burden is a heavy one. *Id.* If a plaintiff fails to make a specific demand for damages in the complaint, "a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010).

When a defendant removes a case within the first thirty days after receipt of the initial complaint, the court considers both the initial complaint and other evidence introduced by the defendant. *See Sullins v. Moreland*, 2021 WL 54206, at *3 (M.D. Ala. Jan. 6, 2021)(citing *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010)). The court may use "'deduction, inference, or other extrapolation' to determine whether the relevant evidence submitted by the removing party supports the existence of the required amount in controversy." *Id.* (quoting *Pretka*, 608 F.3d at 753). When the court is presented with a notice of removal without facts or specific allegations, "it may not speculate or

2

divine 'by looking at the stars' the amount in controversy." *Id.* (quoting *Pretka*, 608 F.3d at 753).

### III. FACTS AND PROCEDURAL HISTORY

The facts of this case stem from an automobile crash during which a tractor-trailer driven by Briggs, allegedly within the scope of his employment with Southeastern Freight Lines (SEFL), crashed with a vehicle driven by Goosby. Goosby brings claims for negligence; wantonness; negligent, hiring, training and supervision; and vicarious lability.

In her complaint, Goosby does not seek a specified amount of damages for the entirety of her claims. She specifies that she does not seek more than $ 75,000 for one claim, but that limitation is only contained within the count alleging vicarious liability. Goosby seeks compensatory damages for "serious bodily injuries," physical pain, mental anguish, medical expenses, loss of enjoyment of life, and lost wages, and also seeks punitive damages. (Doc. 1-1 at 4).

### IV. DISCUSSION

It is undisputed that complete diversity of parties exists in this case. (Doc. 7 at 2). The Plaintiff argues, however, that the case is due to be remanded because she does not assert a specific monetary amount in her complaint, and the Defendants not proven the $75,000 amount in controversy required by 28 U.S.C § 1332 for the Court to exercise federal diversity jurisdiction.

In opposing remand, the Defendants argue that the complaint meets the amount in controversy requirement because the complaint alleges "serious bodily injuries," and seeks damages for mental anguish, medical expenses, and punitive damages. Because the

complaint does not describe the nature of Goosby's injuries or medical treatment, determining a "value would be an exercise in impermissible speculation." *Piard v. VRP Transportation, Inc.*, 2019 WL 210402, at *5 (M.D. Ala. 2019). Upon review of the record, however, the Court concludes that the Defendants have shown enough through the allegations of the complaint, particularly the allegation of "serious bodily injuries," to justify post-removal discovery. *Id*; *cf. Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014) (holding in a Class Action Fairness Act case removal that the district court may permit post-removal discovery and make jurisdictional findings under the preponderance-of-the-evidence standard the amount in controversy is in dispute when after removal) (citing H.R. Rep. No. 112-10, p. 16 (2011)). The Court will allow discovery limited to evidence which is relevant to the amount in controversy at the time the case was removed.

## V. CONCLUSION

For the reasons as stated, it is ORDERED as follows:

1. Defendants may serve written jurisdictional discovery (interrogatories, requests for production of documents, and requests for admissions) on the Plaintiff within ten days of the entry of this Order. The discovery must be narrowly tailored to the amount in controversy, and the parties should work together in good faith in the coordination and completion of discovery.

2. The Plaintiff is DIRECTED to respond to the Defendants' requests within 21 days of service or by **March 1, 2021**, whichever is later.

3. The Defendants have until **March 8, 2021**, to file a supplemental memorandum with evidence in opposition to Plaintiff's motion to remand.

4. The Plaintiff has until **March 15, 2021** to file a reply.

5. Ruling on the motions to remand is RESERVED.

DONE this 28th day of January, 2021.

                                     /s/ Emily C. Marks
                              EMILY C. MARKS
                              CHIEF UNITED STATES DISTRICT JUDGE