IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BARBARA CAUSEY GOOSBY, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACT. NO. 2:20-cv-766-ECM |
| | )              (WO) |
| | ) |
| GARY LEE BRIGGS, *et al.*, | ) |
| | ) |
|    Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

## I.    INTRODUCTION

This cause is before the Court on motions to remand filed by Plaintiff Barbara Causey Goosby ("Goosby"). (Docs. 7 & 10).

The case was originally filed in the Circuit Court of Lowndes County, Alabama, and was removed by Defendant Gary Lee Briggs ("Briggs") to federal district court on the basis of diversity jurisdiction, pursuant to 28 U.S.C. § 1332(a) and 28 U.S.C. § 1441(a). Defendant Southeastern Freight Lines, Inc. has not been served, but consents to the removal. (Doc. 1-3).

On January 28, 2021, this Court granted a motion by Briggs and allowed him to engage in limited, written discovery on the jurisdictional issue. (Doc. 15). Goosby was directed to respond to the written discovery requests by March 1, 2021. (*Id.*). Briggs and Goosby were given deadlines of March 8 and March 15, respectively, to file supplemental

briefs. (*Id.*). Briggs filed a supplemental memorandum on March 4, 2021. (Doc. 17). As of the date of this Memorandum Opinion and Order, no supplemental reply has been filed by Goosby.

For the reasons that follow, the Court concludes that the Motions to Remand are due to be DENIED.

## II.     STANDARD OF REVIEW

Federal courts are courts of limited jurisdiction and therefore possess only the power authorized by the Constitution or statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Courts should presume that a case lies outside of this limited jurisdiction, and the burden of establishing the contrary should be upon the party asserting jurisdiction. *Id.* Although a defendant has the statutory right to remove in certain situations, the plaintiff is still the master of his claim. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). For that reason, the defendant's right to remove and the plaintiff's right to choose his forum are "not on equal footing." *Id.* Accordingly, the defendant's removal burden is a heavy one. *Id.* If a plaintiff fails to make a specific demand for damages in the complaint, "a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010).

When a defendant removes a case within the first thirty days after receipt of the initial complaint, the court considers both the initial complaint and other evidence introduced by the defendant. *See Sullins v. Moreland*, 2021 WL 54206, at *3 (M.D. Ala.

2

Jan. 6, 2021)(citing *Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 754 (11th Cir. 2010)). The court may use "'deduction, inference, or other extrapolation' to determine whether the relevant evidence submitted by the removing party supports the existence of the required amount in controversy." *Id.* (quoting *Pretka*, 608 F.3d at 753). When the court is presented with a notice of removal without facts or specific allegations, "it may not speculate or divine 'by looking at the stars' the amount in controversy." *Id.* (quoting *Pretka*, 608 F.3d at 753).

### III.   FACTS AND PROCEDURAL HISTORY

The facts of this case stem from an automobile crash during which a tractor-trailer driven by Briggs, allegedly within the scope of his employment with Southeastern Freight Lines (SEFL), crashed with a vehicle driven by Goosby. Goosby brings claims for negligence; wantonness; negligent, hiring, training and supervision; and vicarious lability.

In her complaint, Goosby does not seek a specified amount of damages for the entirety of her claims. (Doc. 1-1). She specifies that she does not seek more than $ 75,000 for one claim, but that limitation is only contained within the count alleging vicarious liability. (*Id.* at 7). Goosby seeks compensatory damages for "serious bodily injuries," physical pain, mental anguish, medical expenses, loss of enjoyment of life, and lost wages, and also seeks punitive damages. (*Id.* at 4).

Briggs served Goosby with interrogatories, requests for production, and a request for admissions. In the request for admissions, Briggs asked Goosby to admit, among other things, that she intends to ask a jury for more than $75,000 in damages, to admit that she is seeking damages for medical treatment and lost wages, to admit that she seeks damages

3

for pain and suffering in an amount in excess of $75,000, to admit that she seeks damages for mental anguish in an amount in excess of $75,000, and to admit that she seeks punitive damages in an amount in excess of $75,000.  (Doc. 17-1 at 24-28).  Briggs represents to the Court that Goosby failed to provide any responses to the written jurisdictional discovery, including the request for admissions.  (Doc. 17).

## IV.   DISCUSSION

Federal district courts have original jurisdiction in civil actions in which the matter in controversy exceeds $75,000, exclusive of interest and costs, and which are between citizens of different states.  28 U.S.C. § 1332.  It is undisputed that complete diversity of citizenship exists in this case.  (Doc. 7 at 2).  Goosby argues, however, that the case is due to be remanded because she does not assert a specific monetary amount in her complaint, and the Defendants have not proven the $75,000 amount in controversy required by 28 U.S.C § 1332.

In opposing remand, Briggs argues that because Goosby failed to respond to his request for admissions, Goosby has admitted that the complaint seeks damages in excess of $75,000.

Facts not answered or objected to within a request for admission are deemed admitted.  *See* FED. R. CIV. P. 36(a)(3).  Goosby did not respond to the request for admissions within the time ordered by the Court.  Therefore, Goosby has admitted that her complaint seeks an amount which exceeds $75,000 for three separate categories of damages. (Doc. 17-1).  Accordingly, this Court finds by a preponderance of the evidence that the amount in controversy more likely than not meets the jurisdictional requirement.

4

*See Roe*, 613 F.3d at 1061. The Court concludes that it has subject-matter jurisdiction in this case.

## V.   CONCLUSION

Because, for the reasons discussed above, subject-matter jurisdiction exists in this case, it is ORDERED as follows:

1. The Motions to Remand (docs. 7 & 10) are DENIED.

2. The Plaintiff shall show cause show cause, if any there be, on or before **April 2, 2021,** why Defendant Southeastern Freight Lines, Inc. should not be dismissed due to Plaintiff's failure to perfect service within the deadline set forth in Federal Rule of Civil Procedure 4(m).

DONE this 17th day of March, 2021.

       /s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE