IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BARBARA CAUSEY GOOSBY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACT. NO. 2:20-cv-766-ECM |
| | ) | (wo) |
| | ) | |
| GARY LEE BRIGGS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

**I.     Facts and Procedural History**

This cause is before the court on a Motion to Dismiss Southeastern Freight Lines, Inc. ("SEFL") for Insufficient Service of Process. (Doc. 23).

The Plaintiff, Barbara Causey Goosby ("Goosby"), originally filed her claims in the Circuit Court of Lowndes County, Alabama, on August 17, 2020. Her claims arise from a motor vehicle accident which occurred in August 2018. The case was removed by Defendant Gary Lee Briggs ("Briggs") to this Court on the basis of diversity jurisdiction, pursuant to 28 U.S.C. § 1332(a) and 28 U.S.C. § 1441(a). SEFL had not been served at that time, but consented to the removal. (Doc. 1-3). The consent to removal filed by SEFL contains the statement that SEFL was made aware of the lawsuit by Briggs. (*Id.*)

Goosby filed a motion to remand, challenging subject-matter jurisdiction. On January 28, 2021, this Court granted a motion by Briggs and allowed limited, written discovery on the jurisdictional issue. (Doc. 15). The correspondence regarding requests

for admission indicates that those requests were served on Goosby by both Briggs and SEFL. (Doc. 17-1 at 1). Based on the evidence presented, including facts deemed admitted, the Court denied the motion to remand. The Court also ordered Goosby to show cause why SEFL should not be dismissed due to Plaintiff's failure to perfect service within the deadline set forth in Federal Rule of Civil Procedure 4(m).

On April 2, 2021, Goosby responded to the Court's order to show cause, stating that the failure to timely serve SEFL was due to a clerical error while in state court. Goosby also filed an Amended Complaint, which was served on SEFL.

SEFL and Briggs are represented by the same counsel. SEFL has moved for dismissal in this action on the ground that service of process was insufficient.

For the reasons to be discussed, the motion to dismiss is due to be DENIED.

## II.     Standard of Review

Rule 12(b)(5) provides that a motion to dismiss may be granted for insufficient service of process. FED. R. CIV. P. 12(b)(5). Under Rule 4(m), "[i]f a defendant is not served within [90] days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against the defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* Rule 4(m) also grants discretion to the district court to extend the time for service of process even in the absence of a showing of good cause. *Horenkamp v. Van Winkle and Co.*, 402 F.3d 1129, 1132 (11th Cir. 2005). When

a district court finds that a plaintiff fails to show good cause for failing to effect timely service pursuant to Rule 4(m), the district court must still consider whether any other circumstances warrant an extension of time based on the facts of the case. *Lepone-Dempsey v. Carroll Cty. Comm'rs*, 476 F.3d 1277, 1282 (11th Cir. 2007).

### III.  Discussion

Goosby has pointed to an unspecified "clerical error" while the case was pending in state court as the reason for her failure to serve her original complaint on SEFL.[1]  While Rule 4(m) provides relief for failure to perfect service within the timeframe if a plaintiff demonstrates good cause for failing to meet the service deadline, negligence on the part of the plaintiff does not constitute good cause. *See Lepone-Dempsey*, 476 F.3d at 1281–82.

Goosby may avoid dismissal even in the absence of good cause if the Court exercises its discretion to extend the time for service. *See Horenkamp*, 402 F.3d at 1132. In *Horenkamp*, the Eleventh Circuit concluded that the district court did not abuse its discretion when it extended the time for service because the plaintiff's claim would have been foreclosed by the statute of limitations, the defendant previously had notice of the suit, and the defendant had been properly served outside of the service window. *Id.* at 1133.

Another judge in this district has applied *Horenkamp* to exercise discretion to extend the deadline for service where the statute of limitations would have run on the claim

---

[1] Goosby has filed an amended complaint, but when "a plaintiff has filed a complaint but has not yet served the same upon the defendant, the plaintiff's decision to amend the complaint does not extend the timeframe in which to effect service under the rule." *Ward v. Glynn Cty. Bd. of Commissioners*, 2016 WL 4269041, at *9 (S.D. Ga. 2016).

3

because, although the rule contemplates dismissal without prejudice, a dismissal where the claim is barred by the statute of limitations would effectively be a dismissal with prejudice. *Todd v. City of LaFayette*, 2013 WL 6050855, at *3 (M.D. Ala. 2013)(Thompson, J.). Also significant in that case were the factors that the same counsel represented the co-defendants, so his attorneys were involved from the inception of the case; the defendant had been served outside of the time frame; and the length of delay was not egregious enough to prejudice the defendant. *Id.*

Applying the reasoning of these cases in this case, the Court finds that factors supporting an exercise of discretion are present here; namely, dismissal without prejudice of Goosby's claims against SEFL based on facts occurring in August 2018 would mean that her claims against SEFL are foreclosed by the statute of limitations, SEFL had notice of the suit, SEFL and Biggs are represented by the same counsel, and SEFL has now been served with the amended complaint. Additionally, SEFL has not been prejudiced by the delay because while the case has been pending for some time, it has been pending on jurisdictional issues which SEFL has been aware of, and also participated to some extent in the litigation of, as evidenced by its consent to removal and its joinder in the service of jurisdictional discovery. Accordingly, this Court concludes that even in the absence of good cause for Goosby's delay in perfecting service, it is appropriate for the Court to exercise discretion to extend the service deadline.

## IV. Conclusion

For the reasons discussed, it is hereby ORDERED that the Motion to Dismiss Southeastern Freight Lines, Inc. for Insufficient Service of Process (doc. 23) is DENIED.

DONE this 22nd day of April, 2021.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE